UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANGEL MARTINEZ | No. 24 CR 192<br><br>Judge Elaine E. Bucklo |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case which are marked "sensitive" (collectively, "the sensitive materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. "Sensitive materials" are defined as materials which include, but are not limited to, 1) non-party private identifying information, such as, but not limited to, addresses, dates of birth, driver's license numbers, and social security numbers; 2) non-party financial information; 3) statements by, and reports from interviews of, individuals who have been or who are cooperating with the government's investigation; and 4) any information that might disclose the identity of a cooperating

individual. To the extent sensitive material is part of a larger body of material, the government should, in the first instance, seek to redact that information rather than designate the material as "sensitive" and subject to this protective order.

3. Defendant and defendant's counsel shall not disclose the sensitive materials <u>or their contents</u> directly or indirectly to any person or entity other than:

    a. Persons employed to assist in the defense;

    b. Persons who are interviewed by defense counsel (or individual(s) employed by defense counsel) as potential witnesses;

    c. Counsel for potential witnesses; and

    d. Other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the sensitive materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

4. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the sensitive materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of

the sensitive materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing sensitive materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. Upon conclusion of all stages of this case, all of the sensitive materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained by the defendant or in defense counsel's case file. The Court may require a certification as to the disposition of any such sensitive materials.

8. In the event that the sensitive materials are retained by defendant or defense counsel, the restrictions of this Order continue in effect for as long as the sensitive materials are so maintained, and the sensitive materials may not be disseminated or used in connection with any other matter without further order of the Court.

9. To the extent any sensitive material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the sensitive material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

                                      ENTER:

                                      _____
                                      ELAINE E. BUCKLO
                                      District Judge
                                      United States District Court
                                      Northern District of Illinois

Date: May 22, 2024